UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ELL SHEHEE,<br><br>      Plaintiff,<br><br>vs.<br><br>DR. KIM NGUYEN, *et. al.,*<br><br>      Defendants. | Case No. 1:14-cv-01154-RRB<br><br>**<u>DISMISSAL ORDER</u>** |

      Gregory Ell Shehee, a California state prisoner appearing *pro se* and *in forma pauperis*, brings this action under the Civil Rights Act of 1963, 42 U.S.C. § 1983, and Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131–12189, against various individuals employed by the California Department of Mental Health.[1] Shehee's complaint arises out of his incarceration at the Coalinga State Hospital, Coalinga, California.  Shehee is currently incarcerated in the Fresno County Jail.

---

[1] In Addition to Dr. Nguyen, Shehee names as Defendants in the caption: Dr. Reshimle; Dr. Lorensen; Dr. P. McGuinnes; Audrey King; Maria Reyes, RN; Johnny Lopez, RN; Long Moua, ADA Coordinator; April Leavens, ADA Coordinator; and Demarco. Although not included in the caption, Shehee also appears to include as defendants in the body of his Complaint the California Department of Mental Health (erroneously named as the Department of Mental Hospitals), Coalinga State Hospital, April Leavens, Pam Ahlin, Peggy Thomas, Stephen Mayberg, Yvonne Beuster, Debi Philips, and the Accounting Director.

## I.    SCREENING REQUIREMENT

This Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[2] This Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."[3] Likewise, a prisoner must exhaust all administrative remedies as may be available,[4] irrespective of whether those administrative remedies provide for monetary relief.[5]

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[6] "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[7] Failure to state a claim under § 1915A incorporates the familiar standard

_____

[2] 28 U.S.C. § 1915A(a).

[3] 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c); *see Lopez v. Smith*, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000) (en banc).

[4] 42 U.S.C. § 1997e(a); *see Woodford v. Ngo*, 548 U.S. 81, 93–95 (2006) ("proper exhaustion" under § 1997e(a) is mandatory and requires proper adherence to administrative procedural rules); *Booth v. Churner*, 532 U.S. 731, 741 (2001) (exhaustion of administrative remedies must be completed before filing suit).

[5] *See Booth*, 532 U.S. at 734.

[6] Fed. R. Civ. P. 8(a)(2).

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*,
(continued...)

applied in Federal Rule of Civil Procedure 12(b)(6), including the rule that complaints filed

by *pro se* prisoners are to be liberally construed, affording the prisoner the benefit of any

doubt, and dismissal should be granted only where it appears beyond doubt that the

plaintiff can plead no facts in support of his claim that would entitle him or her to relief.[8]

This requires the presentation of factual allegations sufficient to state a plausible

claim for relief.[9] "[A] complaint [that] pleads facts that are 'merely consistent with' a

defendant's liability . . . 'stops short of the line between possibility and plausibility of

entitlement to relief.'"[10] Further, although a court must accept as true all factual allegations

contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.[11]

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice."[12]

## II.    GRAVAMEN OF COMPLAINT

Although presented in a disjointed manner, making it difficult to follow, it appears

from the Complaint that Shehee, who was declared legally blind on or about April 20, 2008,

is attempting to plead two claims against various health care providers employed by the

---

[7](...continued)
550 U.S. 554, 555 (2007)).

[8] *Wilhelm v. Rotham*, 680 F.3d 1113, 1121 (9th Cir. 2012).

[9] *Iqbal*, 556 U.S. at 678–69; *see Moss v. U.S. Secret Service*, 572 F.3d 962, 969
(9th Cir. 2009) (quoting and applying *Iqbal* and *Twombly*).

[10] *Iqbal* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

[11] *Id.*

[12] *Id.* (quoting *Twombly*, 550 U.S. at 555).

California Department of Mental Health. A medical deliberate indifference claim under § 1983 and a failure to accommodate claim under the ADA.

### Medical Indifference Claim

Shehee's first claim for relief against Dr. Reshimle, Dr. Lorensen, and Demarco arises out of an eye surgery that occurred on or about September 20, 2008, and the post-surgical care continuing for several days thereafter. According to Shehee, in performing surgery on Shehee's eye, Dr. Reshimle did not properly control the laser beam allowing it to cause serious additional injury to his eye. Shehee alleges that Dr. Sorensen performed a surgical procedure on Shehee without proper anesthesia, which resulted in Shehee suffering extreme pain. With respect to Demarco, Shehee appears to allege that in some manner Demarco was responsible for misplacing Shehee's medical records that resulted in a four-day delay in Shehee receiving the surgical treatment by Dr. Reshimle.

Shehee alleges that in 2013 and continuing through 2014 Nurse Lopez and Dr. Nguyen in some manner failed to properly arrange transportation for Shehee to receive treatment by an outside ophthalmologist as directed by another physician. According to Shehee, Nurse Lopez and Dr. Nguyen subsequently scheduled him for inadequate treatment by internal, i.e., Department of Mental Health, health care providers.

### ADA Claim

Shehee's ADA claim appears to be divided into three parts. The first part, covering the period 2008 through 2014, directed against the Department of Mental Health, Audrey King, and April Leavens, alleges that the Defendants denied him accommodations as

required under the ADA. The second part, covering the part of 2014, directed against the Department of Mental Health, Audrey King, and Long Moua, alleges that the Defendants denied him accommodations as required under the ADA. The third part, alleges that during 2014 Nurse Johnny Lopez and Dr. Nguyen deprived Shehee of access to an educational program for the blind and educational and vocational materials designed to assist the blind.

## III.   DISCUSSION

### Civil Rights Act, 42 U.S.C. § 1983

With respect to his claims against the California Department of Mental Health and Coalinga State Hospital, the Supreme Court has held that "states or governmental entities that are considered 'arms of the State' for Eleventh Amendment" are not "persons" under § 1983.[13] Accordingly, to the extent it is brought against the California Department of Mental Health and Coalinga State Hospital under the Civil Rights Act, 42 U.S.C. § 1983, the Complaint will be dismissed without leave to amend.

Shehee's claims against Dr. Reshimle, Dr. Lorensen, and Demarco also fail. All of the acts underlying Shehee's claim against them occurred in or about September 2008, nearly six years before Shehee commenced this action. "For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law."[14] As applied to  prisoners, the

---

[13] *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 70 (1989).

[14] *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004).

limitation period for bringing an action under California law is four years.[15] Thus, the

Complaint as against Dr. Reshimle, Dr. Lorensen, and Demarco must also be dismissed.

While it is highly unlikely that Shehee can truthfully plead facts sufficient to warrant

tolling of the limitation period, this Court cannot definitely state at this point he cannot so

do. Accordingly, dismissal will be with leave to amend.  In amending his complaint Shehee

must allege facts sufficient to establish equitable tolling of the limitations period. That is,

Shehee must plead facts that establish that he was unable to bring his action within the

limitations period due to factors beyond his control.[16]

Shehee's deliberate indifference claims against Nurse Lopez, Dr. Nguyen, and

Nurse Reyes fail on a separate basis. The Supreme Court, holding that the infliction of

unnecessary suffering on prisoners violated the Eighth Amendment, stated:

> [D]eliberate indifference to serious medical needs of prisoners constitutes
> the unnecessary and wanton infliction of pain proscribed by the Eighth
> Amendment. This is true whether the indifference is manifested by prison
> doctors in their response to the prisoner's needs or by prison guards in
> intentionally denying or delaying access to medical care or intentionally
> interfering with the treatment once prescribed. Regardless of how evidenced,
> deliberate indifference to a prisoner's serious illness or injury states a cause
> of action under § 1983.[17]

---

[15] *See* Cal. Civ. Proc. Code §§ 335.1, 352.1(a) (providing a two-year statute of
limitations for personal injury claims, which may be tolled for an additional two years for
prisoners).

[16] *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (to establish equitable tolling
the plaintiff has the burden or establishing two elements:  "(1) he has been pursuing his
rights diligently, and (2) that some extraordinary circumstance stood in his way and
prevented timely filing.").

[17] *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976) (footnotes, internal quotation
marks and citations omitted).

In *Estelle* the Supreme Court distinguished "deliberate indifference to serious medical needs of prisoners," from "negligen[ce] in diagnosing or treating a medical condition," holding that only the former violates the Constitution.[18] In short, Eighth Amendment liability requires "more than ordinary lack of due care for the prisoner's interests or safety."[19]

In determining deliberate indifference, the court scrutinizes the particular facts and looks for substantial indifference in the individual case, indicating more than mere negligence or isolated occurrences of neglect.[20] The Ninth Circuit has spoken to the subject of the appropriate test under *Estelle*:

> In the Ninth Circuit, the test for deliberate indifference consists of two parts. First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong — defendant's response to the need was deliberately indifferent — is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care. Yet, an inadvertent [or negligent] failure to provide adequate medical care alone does not state a claim under § 1983. A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs. If the harm is an isolated exception to the defendant's overall treatment of the prisoner [it] ordinarily militates against a finding of deliberate indifference.[21]

---

[18] *Id.* at 106.

[19] Whitley v. Albers, 475 U.S. 312, 319 (1986).

[20] *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

[21] *Jett v. Penner*, 429 F.3d 1091, 1096 (9th Cir. 2006) (internal quotation marks and citations omitted).

A defendant must purposely ignore or fail to respond to a prisoner's pain or medical need in order for deliberate indifference to be established. Where the claim is based upon delay in providing a specified treatment, a prisoner has no claim for deliberate medical indifference unless the delay was harmful.[22]

Shehee's claims against Nurse Lopez, Dr. Nguyen, and Nurse Reyes fall far short of establishing deliberate indifference. "Deliberate indifference is a high legal standard. A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment."[23] A mere difference of medical opinion regarding the course of medical treatment is "insufficient as a matter of law, to establish deliberate indifference."[24] At most, Shehee has established negligence, perhaps even gross negligence. What he has not established is that either Nurse Lopez, Dr. Nguyen, or Nurse Reyes acted with deliberate disregard for Shehee' serious medical condition. Furthermore, Shehee has failed to plead what additional injury he may have suffered as a result of the actions of the Defendants. Thus, Shehee's deliberate indifference claim

---

[22] *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

[23] *Toguchi v. Chung*, 391 F. 3d 1051, 1060 (9th Cir. 2004); *see Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *see also Wood*, 900 F.2d at 1334 (even gross negligence is insufficient to establish a constitutional violation); *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (per curium) (mere indifference, medical malpractice, or negligence do not support a cause of action under the Eighth Amendment).

[24] *Toguchi*, 391 F.3d at 1059–60 (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)); *Franklin v. State of Oregon, State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981) (noting, also, that a disagreement between a prisoner and a medical professional over the most appropriate course of treatment cannot give rise to a viable claim of deliberate indifference).

against Nurse Lopez, Dr. Nguyen, and Nurse Reyes must be dismissed. Although, as with his claims against Dr. Reshimle, Dr. Lorensen, and Demarco, it is highly unlikely that Shehee can truthfully plead a viable claim against Nurse Lopez, Dr. Nguyen, and Nurse Reyes, the Court will grant him leave to file an amended complaint.

### *Americans with Disabilities Act, 42 U.S.C. § 12131–12165*

Initially, the Court notes that the California Department of Mental Health and Coalinga State Hospital are not entitled to Eleventh Amendment sovereign immunity with respect to Shehee's Title II ADA claim.[25]

To state a claim under the Title II of the ADA, a plaintiff must allege:

(1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability.[26]

That Shehee has clearly properly pleaded that he satisfies the first element, and, if he satisfies the second and third element, the fourth. Where Shehee falls short is with respect to the second and third element elements.

With respect to the Department of Mental Health, Audrey King, April Leavens, and Long Moua, Shehee's Complaint is strictly conclusory, i.e., that they somehow denied him

---

[25] *United States v. Georgia*, 546 U.S. 151, 159 (2006); *Phiffer v. Columbia River Corr. Inst.*, 384 F.3d 791, 792–93 (9th Cir. 2004).

[26] *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1060 (9th Cir. 2007) (internal quotation marks and citations omitted).

appropriate accommodations, without alleging any factual basis to support his conclusions. Shehee's failure to provide a factual basis for his conclusions, e.g., the accommodation(s) to which he was entitled that were denied, and what acts of, or the manner in which, the Defendants denied him the accommodation. To the extent Shehee names Stephen Mayberg, Pam Ahlin, and Peggy Thomas, the Complaint suffers from the same infirmity.

As against Nurse Lopez and Dr. Nguyen, Shehee also omits critical facts necessary to pleading a cause of action. Specifically that, in addition to being legally blind, he was not only eligible for the programs or otherwise met the prerequisite requirements for enrollment, but that the refusal was for an improper reason. Moreover, as discussed further below, it does not appear that Shehee has, or even could have, satisfied the requirement that he first exhaust his administrative remedies.

### *Exhaustion*

To the extent that Sheehee's Complaint is based upon events that occurred in 2014, it is evident from the face of the Complaint that he has not properly exhausted his administrative remedies. Exhaustion of administrative remedies prior to bringing suit is required irrespective of the relief sought by the prisoner and regardless of the relief provided by the process.[27] Although not jurisdictional, exhaustion is nonetheless mandatory, and there is no discretion to excuse it.[28] "Proper exhaustion" means

---

[27] 42 U.S.C. § 1997e(a) (mandating that "[n]o action shall be brought . . . until [the prisoner's] administrative remedies . . . are exhausted."); *Booth v. Churner*, 532 U.S. 731, 742 (2001).

[28] *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

"complet[ing] the administrative review process in accordance with the applicable rules."[29]

The exhaustion requirement applies to Shehee's ADA claim as well as his civil rights claim

under § 1983.[30] California provides a three-level administrative procedure for prisoner

grievances.[31] Given that the short time lapse between the March 2014 acts and the date

of the Complaint, July 21, 2014, less than four months, it is highly unlikely, if not

impossible, that Shehee properly exhausted his administrative remedies.

### *"Kickback" Claim*

Shehee claims that Department of Mental Health, Coalinga State Hospital, Audrey

King, Debi Phillips, Yvonne Beuster, and the Accounting Director have taken federal dollars

intended for the care of patients, but denied adequate medical care. In addition to being

wholly conclusory without any supporting factual basis, those allegations simply do not fall

within the scope of either a § 1983 civil rights action or an action by individual under the

ADA.  Consequently, the claim will be dismissed without leave to amend.

### *Verification*

Finally, the Court notes that in verifying the Complaint Shehee states that he has

read it. That statement appears to be in direct contradiction to the allegations in the body

---

[29] *Jones v. Bock,* 549 U.S. 199, 218 (2007).

[30] *O'Guinn*, 502 F.3d at 1060–61.

[31] Cal. Code Regs. tit. 15, § 3084.1(b) ("Unless otherwise stated in these regulations, all appeals are subject to a third level of review, as described in section 3084.7, before administrative remedies are deemed exhausted.  All lower level reviews are subject to modification at the third level of review."). Section 3084.7 provides for three levels of review, the third level conducted by the Secretary of the California Department of Corrections and Rehabilitation, or a designated representative.

of the Complaint that he is blind and unable to read. If the Complaint was prepared and read to Shehee by another, that fact should have been clearly stated in the verification and signed by the person who prepared and read the Complaint to Shehee, which it does not.

## IV.    ORDER

To the extent it is based upon an Eighth Amendment deliberate medical indifference claim, the Complaint as against Defendants Dr. Reshimle, Dr. Lorensen, Demarco, Nurse Lopez, and Dr. Nguyen is **DISMISSED** with leave to amend.

To the extent it is based upon a claim that they violated the Americans with Disabilities Act,  the Complaint as against the Department of Mental Health, Audrey King, April Leavens, Long Moua, Nurse Johnny Lopez, Dr. Nguyen, Pam Ahlin, Stephen Mayberg, and Peggy Thomas, is **DISMISSED** with leave to amend.

To the extent that it is based upon an allegation that the Department of Mental Health, Coalinga State Hospital, Audrey King, Debi Phillips, Yvonne Beuster, and the Accounting Director have some how taken "kickbacks" or otherwise misappropriated federal dollars, the Complaint is **DISMISSED** without leave to amend.

In all other respects, including to the extent it attempts to assert a claim against California Department of Mental Health and Coalinga State Hospital under the Civil Rights Act, 42 U.S.C. § 1983, the Complaint is hereby **DISMISSED**, without leave to Amend.

Shehee is hereby granted through and including **August 7, 2015**, within which to file an Amended Complaint consistent with this Order. In amending his Complaint, Shehee should:

1.      Separate each claim including, where appropriate, a caption for the claim;

2.      Sequentially number the paragraphs;

3.      With respect to each claim identify the constitutionally protected right violated, describe the act(s) that violated that right, identify the person(s) who committed the act(s), state the date(s) of the act(s), and describe the injury or damage he suffered as a result of the violation; and

4.      With respect to each claim affirmatively plead that he has exhausted his available administrative remedies, and, to the extent in his possession, custody, or control, attach to the Amended Complaint copies of all documents evidencing such exhaustion.

***Failure to comply with this Order within the time specified, or such additional time as the Court may grant, may result in the dismissal of this action without further notice.***

**IT IS SO ORDERED** this 19th day of June, 2015.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

DISMISSAL ORDER
*Shehee v. Nguyen*, 1:14-cv-01154-RRB – 13