UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ELL SHEHEE,<br><br>               Plaintiff,<br><br>    vs.<br><br>DR. KIM NGUYEN, *et. al.,*<br><br>               Defendants. | Case No. 1:14-cv-01154-RRB<br><br>**ORDER DISMISSING**<br>**FIRST AMENDED COMPLAINT** |

Gregory Ell Shehee, a California state prisoner appearing *pro se* and *in forma pauperis*, filed his Amended Civil Rights Complaint with leave of court under the Civil Rights Act of 1963, 42 U.S.C. § 1983, against various individuals employed by the California Department of Mental Health.[1]  Shehee's complaint arises out of his incarceration at the Coalinga State Hospital, Coalinga, California.  Shehee is currently incarcerated at the Fresno Men's County Jail, Fresno, California.

I.   SCREENING REQUIREMENT

This Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[2]  The Court

---

[1] In Addition to Dr. Nguyen, Shehee names as Defendants:  Dr. Reshimle; Dr. Lorensen; Dr. P. McGuinnes; Demaco, Supervisory Pysch-Tech; Maria Reyes, RN; Johnny Lopez, RN; Long Moua, ADA Coordinator; April Leavens, ADA Coordinator; and Audrey King.

[2] 28 U.S.C. § 1915A(a).

set forth the standards applicable to screening in its earlier Dismissal Order;[3] therefore, the Court does not repeat them herein.

## II.     GRAVAMEN OF AMENDED COMPLAINT

Shehee alleges nine causes of action against various health care providers and officials employed by the California Department of Mental Health.

*First Claim*.  This claim, brought against Dr. Reshimle arises out of an eye surgery performed in September 2008.  Shehee alleges that in performing a laser surgical procedure on Shehee's right eye Dr. Reshimle failed to administer anesthesia resulting in Shehee experiencing extreme pain.

*Second Claim*.  Brought against Supervisory Psych-Tech Demaco, alleges that following the surgical procedure in September 2008 Demaco failed or refused to provide Shehee with the prescribed pain medication.

*Third Claim*.  Brought against Dr. Loresen arises out of seven separate surgical procedures performed on Shehee's right eye:  September 25, 2008; November 15, 2008; January 20, 2009; January 23, 2009; January 26, 2009; April 16, 2009; and June 19, 2009.  Shehee alleges that Dr. Lorensen performed those surgical procedures without first administering anesthesia causing Shehee to suffer extreme pain and suffering.  Shehee also alleges that in some manner Dr. Lorensen retaliated against him by falsifying Shehee's medical records.

*Fourth Claim*.  Shehee alleges that beginning sometime in 2013 through December 2015, Lopez denied Shehee access to an educational program for the blind.

---

[3] Docket 15.

*Fifth Claim*. Brought against Nurse Reyes alleges that, beginning sometime in 2013 through December 2015, Nurse Reyes also denied Shehee access to an educational program for the blind.

*Sixth Claim*.  This claim alleges that Dr. Nguyen denied Shehee access to an educational program for the blind during a period beginning in 2013 and extending through December 2015.  Although it is unclear, Shehee also appears to allege that Dr. Nguyen was responsible for the deficiencies in the surgical treatment of his right eye by Dr. Lorensen in 2008–2009.

*Seventh Claim*.  In this claim Shehee alleges that Drs. Nguyen and McGuinnes denied him necessary surgical treatment that could have saved his sight.

*Eighth Claim*.  In this claim, also brought against Drs. Nguyen and McGuinnes, alleges that during the period extending from some time in 2003 through February 2015, Dr. Nguyen and McGuinnes failed to obtain proper treatment for his eyes thereby subjecting Shehee to unnecessary extreme pain and suffering.

*Ninth Claim*.  Here Shehee appears to contend that Leavens, Moua, and King improperly denied Shehee a cane for the blind and his applications for enrollment in appropriate programs for the blind.

Shehee seeks damages for emotional distress and punitive damages from each Defendant.

Attached to the First Amended Complaint are more than 60 pages of medical records all of which relate to his treatment during 2015 at his current incarceration in the

Fresno County Jail.[4]  Also attached is a Notice and Motion of Second Declaration of Gregory Ell Shehee, Plaintiff in Support of Amended Complaint.[5]  In that Notice Shehee appears to be attempting to allege a claim against medical personnel arising out of his 2015 incarceration in the Fresno County Jail.

## III.   STANDARD OF REVIEW

The Court applies the same standard of review to the Amended Complaint as it did to the original Complaint.[6]  Therefore, it does not repeat them herein.

## IV.   DISCUSSION

A.   *First, Second, and Third Claims—Dr. Reshimle, Dr. Lorensen, Psych-Tech Demaco*.

As the Court noted in dismissing the original Complaint, the events underlying those claims arise more than four years prior to the date the Complaint initiating this action was filed.[7]  Although the Court granted Shehee leave to amend those claims, his allegations with respect to the tolling of the limitation period do not show that extraordinary circumstances beyond Shehee's control existed for the entire period preceding July 21, 2010.  Accordingly, the First, Second, and Third Claims are barred by the applicable limitations period and will be dismissed without leave to amend.

---

[4] First Amended Complaint, Docket 20, pp. 37–102.

[5] *Id.*, pp. 104–105.

[6] Dismissal Order, Docket 15.

[7] "For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004).  *See* Cal. Civ. Proc. Code §§ 335.1, 352.1(a) (providing a two-year statute of limitations for personal injury claims, which may be tolled for an additional two years for prisoners).

B.      *Fourth and Fifth Claims—Lopez, Reyes*.

In his Fourth Claim Shehee alleges that on more than 25 occasions Nurse Lopez declined to provide Shehee with an application for enrollment in a public educational program for the blind. In his Fifth Claim Shehee alleges that Nurse Reyes also denied him access to educational programs for the blind. As presently drafted Shehee's Fourth and Fifth Claims present two significant hurdles. First, with respect to Lopez it is unlikely that Shehee can establish that he had no alternative source through which to obtain the required forms. Second, and more importantly, these claims are contradicted by Shehee's sixth claim, which alleges that Dr. Nguyen denied Shehee access to the program,[8] and his Ninth Claim, which also alleges that Leavens, Moua, and King denied him access to the same program, all of whom were superior to and superceded Lopez and Reyes. Therefore, Shehee's Fourth and Fifth Claims will also be dismissed without leave to amend.

C.      *Sixth Claim—Dr. Nguyen*.

Here Shehee alleges that during the period from sometime in 2013 through December 2015 Dr. Nguyen denied Shehee access to and the benefits of a public entity educational program. Shehee further alleges that in some manner Dr. Nguyen was responsible for the allegedly defective eye surgeries in 2008–2009. As presently pleaded, to the extent in is based upon the denial of access to the educational program, Shehee's Sixth Claim is deficient. Specifically, Shehee has not alleged that he met the standards

---

[8] In particular the Court notes that Shehee specifically alleges that *both* nurses handed Shehee's application to Dr. Nguyen. Docket 20, p. 26.

or requirements for enrollment in the educational program for the blind; nor has he alleged the reason(s) given for the denial.  Specifically, Shehee must plead that:  (1) he was eligible for the program; (2) the reason for the denial was either pretextual or invalid; and (3) the injury suffered, i.e., the benefits he would have received from the program.  At this point, the Court cannot definitely state Shehee cannot plead a viable cause of action.  Accordingly, dismissal of this part of the claim will be with leave to amend.

With respect to Shehee's claim as to Dr. Nguyen's involvement in the surgeries and related treatment during the 2008–2009 time period, in addition to failing for the same reasons as Shehee's claims against Dr. Reshimle, Dr. Lorensen, and Supervisory Psych-Tech Demaco, Shehee has not alleged how, in what manner, or the extent to which Dr. Nguyen was involved.

Accordingly, the Sixth Claim will be dismissed with leave to amend with respect to Shehee's claim regarding the denial of his enrollment in the educational program for the blind.  In all other respects the Sixth Claim will be dismissed without leave to amend.

D.   *Seventh and Eighth Claims—Dr. Nguyen; Dr. McGuinnes*.

In his Seventh and Eighth Claims Shehee alleges that from sometime in 2013 through February 2015 Drs. Nguyen and McGuinnes somehow denied him necessary eye surgery and other appropriate or necessary care, which resulted in the loss of his sight.[9] The Supreme Court, holding that the infliction of unnecessary suffering on prisoners violated the Eighth Amendment, stated:

---

[9] Although he refers to both doctors in both the Seventh and Eighth Claims, it appears that the Seventh Claim is directed more against Dr. Nguyen, while the Eighth Claim is directed mostly against Dr. McGuinnes.

> [D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.[10]

In *Estelle* the Supreme Court distinguished "deliberate indifference to serious medical needs of prisoners," from "negligen[ce] in diagnosing or treating a medical condition," holding that only the former violates the Constitution.[11] In short, Eighth Amendment liability requires "more than ordinary lack of due care for the prisoner's interests or safety."[12]

"Deliberate indifference is a high legal standard. A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment."[13] A mere difference of medical opinion regarding the course of medical treatment is "insufficient as a matter of law, to establish deliberate indifference."[14]

---

[10] *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976) (footnotes, internal quotation marks and citations omitted).

[11] *Id.* at 106.

[12] *Whitley v. Albers,* 475 U.S. 312, 319 (1986).

[13] *Toguchi v. Chung*, 391 F. 3d 1051, 1060 (9th Cir. 2004); *see Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *see also Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (stating that even gross negligence is insufficient to establish a constitutional violation); *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (per curiam) (noting mere indifference, medical malpractice, or negligence do not support a cause of action under the Eighth Amendment).

[14] *Toguchi*, 391 F.3d at1059–60 (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)); *Franklin v. State of Oregon, State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981) (noting, also, that a disagreement between a prisoner and a medical professional over the most appropriate course of treatment cannot give rise to a viable claim of deliberate indifference).

Here, at best, Shehee alleges a difference of opinion between himself and the physicians regarding his treatment.[15]  This falls far short of establishing a claim cognizable in this Court under § 1983.  Nor does it appear that Shehee can truthfully plead a plausible claim for relief.  Accordingly, the Seventh and Eighth Claims will be dismissed without leave to amend.

E.     *Ninth Claim—Leavens, Moua, King*.

Shehee claims that Leavens, Moua, and King denied him enrollment in an educational program for the blind, and that Leavens and Moua denied him a cane.  As with his Sixth Claim Shehee has not alleged that he met the standards or requirements for enrollment in the educational program for the blind; nor has he alleged the reason(s) given for the denial.  Specifically, Shehee must plead that:  (1) he was eligible for the program; (2) the reason for the denial was either pretextual or invalid; and (3) the injury suffered, i.e., the benefits he would have received from the program.

As to denial of a cane, Shehee has not alleged the manner in, or the extent to, which this deprivation, which appears to be *de minimis*, caused him some compensable injury.

At this point, the Court cannot definitely state that Shehee cannot plead a viable cause of action.  Accordingly, dismissal of this claim will be with leave to amend.

---

[15] Although Shehee also refers to treatment received in 2003 and 2008, as noted in dismissing his First, Second, and Third Claims, they are barred by the applicable statute of limitations.

F.   *Exhaustion.*

In its directions concerning amendment the Court directed Shehee to affirmatively plead that he had exhausted his available administrative remedies and, to the extent he had them, to attach the copies of all documents evidencing such exhaustion.[16]  As noted above, attached to the First Amended Complaint are more than 60 pages of medical records, all of which relate to his treatment during 2015 at his current incarceration in the Fresno County Jail.  Shehee apparently attached these records as evidence that he had exhausted his administrative remedies.  These records are irrelevant to the claims arising out of Shehee's incarceration at the Coalinga State Hospital.  Accordingly, they serve no purpose or function in these proceedings.  In further amending Shehee must attach to his amended pleading only those documents that relate to the exhaustion of his administrative remedies with respect to the claims arising out of his incarceration at the Coalinga State Hospital.

G.   *Fresno County Jail*.

To the extent that Shehee may be attempting to join in this action any claims arising out of his current incarceration in the Fresno County Jail it is improper.[17]  First, any claims arising out of that incarceration arose after the original Complaint was filed.  Second, although they may have a common nexus with respect to the nature of the claims underlying this action, they involve parties unrelated in place, time, and employment.  Thus, their joinder is improper.

---

[16]  Docket 15, p. 13.

[17]  Shehee names as Defendants:  Dr. J. Aramburo; Dr. Galet; Salsberg Jeremy, M.D.; Burg Michael M.D.; Paulson Eric J. M.D.; Diana Lin, M.D.; Fogg Steven G., M.D.; Lanier Andea B. M.D.; Remington Rodney, M.D.; and Jack Clark, M.D.

**V.    ORDER**

The First, Second, Third, Fourth, Fifth, Seventh, and Eighth Claims are hereby **DISMISSED** without leave to amend.

The Sixth Claim is hereby **DISMISSED** with leave to amend respect to the claim regarding the denial of his enrollment in the educational program for the blind.  In all other respects the Sixth Claim is **DISMISSED** without leave to amend.

The Ninth Claim for Relief is hereby **DISMISSED** with leave to amend.

The First Amended Complaint as against Defendants Dr. Reshimle, Dr. Lorensen; Dr. P. McGuinnes, Demaco, Supervisory Pysch-Tech, Maria Reyes, RN, and Johnny Lopez, RN, is hereby **DISMISSED** in its entirety without leave to amend.

The Claims arising out of Plaintiff's incarceration at the Fresno County Jail, Fresno, California against Dr. J. Aramburo; Dr. Galet; Jeremy Salsberg, M.D.; Michael Burg, M.D.; Eric J. Paulson, M.D.; Diana Lin, M.D.; Steven G. Fogg, M.D.; Andea B. Lanier, M.D.; Rodney Remington, M.D.; and Jack Clark, M.D., are hereby **DISMISSED** without leave to amend.  Dismissal of these claims is without prejudice to bringing them in a separate action in the appropriate court.  The Court expresses no opinion as to the validity of those claims.

Shehee is hereby granted through and including **Monday February 1, 2016**, within which to file a Second Amended Complaint consistent with this Order.  In further amending his complaint should comply with the instructions given in the first Dismissal Order.[18]

**IT IS SO ORDERED** this 14th day of December, 2015

S/ RALPH R. BEISTLINE<br>UNITED STATES DISTRICT JUDGE

---

[18]  Docket 15.