UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ELL SHEHEE,<br><br>    Plaintiff,<br><br>vs.<br><br>DR. KIM NGUYEN, *et. al.,*<br><br>    Defendants. | Case No. 1:14-cv-01154-RRB<br><br>**ORDER DENYING RECONSIDERATION** |

At **Docket 22** Gregory Ell Shehee has moved the Court to reconsider its Order dismissing the First Amended Complaint.[1]

Under the law of the case doctrine a court is generally precluded from reconsidering an issue that has already been decided by the same or a higher court in the same case.[2] However, the law of the case doctrine is not a shackle without a key.

Federal Rule Civil Procedure 59 governs post-judgment motions to amend judgment or for new trial, not interlocutory orders. If the court enters an interlocutory order without entering a final judgment, e.g., an order granting summary judgment but no final judgment is entered under Federal Rule Civil Procedure 54, Rule 59 does not apply.[3] Likewise, Rule

---

[1] Docket 21.

[2] *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993).

[3] *United States v. Martin*, 226 F.3d 1042, 1048 (9th Cir. 2000).

60(b) by its very terms applies solely to final judgments.[4] However, as long as a district court retains jurisdiction over a case, it has inherent power to reconsider and modify an interlocutory order for sufficient cause.[5]

That inherent power is not unfettered: a court may depart from the law of the case doctrine where: "(1) the decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial."[6]

In this case, only the first ground, clearly erroneous applies. Nothing in the pending motion indicates that the Court clearly erred in dismiss the First Amended Complaint with leave to amend.[7]

Accordingly, the Motion Requesting Reconsideration for Corrections of the First Amended Complaint at **Docket 22** is **DENIED**.

**IT IS SO ORDERED** this 25th day of January, 2016.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[4] See Gonzalez v. Crosby, 545 U.S. 524, 528 (2005); Jones v. Ryan, 733 F.3d 825, 833 (9th Cir. 2013); Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc., 204 F.3d 867, 880 (9th Cir. 2000).

[5] City of Los Angeles, Harbor Div. v. Santa Monica, 254 F.3d 882, 885 (9th Cir. 2001).

[6] Jeffries v. Wood, 114 F.3d 1484, 1489 (9th Cir. 1997) (en banc) (footnote and internal quotes omitted); see Leslie Salt Co. v. United States, 55 F.3d 1388, 1393 (9th Cir. 1995); School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

[7] The Court notes that subsequently Shehee filed his Second Amended Complaint. Docket 23. This effectively renders the motion moot in any event.