UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ELL SHEHEE,<br><br>　　　Plaintiff,<br><br>vs.<br><br>DR. KIM NGUYEN, *et. al.,*<br><br>　　　Defendants. | Case No. 1:14-cv-01154-RRB<br><br>**ORDER DISMISSING**<br>**SECOND AMENDED COMPLAINT** |

Gregory Ell Shehee, a California state prisoner appearing *pro se* and *in forma pauperis*, filed his Second Amended Civil Rights Complaint with leave of court under the Civil Rights Act of 1963, 42 U.S.C. § 1983, against various individuals employed by the California Department of Mental Health.[1]  Shehee's complaint arises out of his detention as a civil detainee at the Coalinga State Hospital, Coalinga, California.  After initiating this action Shehee was transferred to the Fresno Men's County Jail, Fresno, California, where he is currently incarcerated.

**I.    SCREENING REQUIREMENT**

This Court is required to screen complaints brought by civil detainees as well as prisoners seeking relief against a governmental entity or officer or employee of a

---

[1] In Addition to Dr. Kim Nguyen, Shehee names as Defendants in his Second Amended Complaint: Long Moua, ADA Coordinator; April Leavens, ADA Coordinator; and Audrey King, Executive Director.

governmental entity.[2] The Court set forth the standards applicable to screening in its first Dismissal Order;[3] therefore, the Court does not repeat them herein.

## II. GRAVAMEN OF SECOND AMENDED COMPLAINT

Shehee, a legally blind individual, alleges that the Defendants denied him access to an educational program for the blind during a period beginning in 2013 and extending through December 2015. Shehee further contends that Leavens, Moua, and King improperly denied him a cane for the blind. Shehee sues the Defendants in both their individual and official capacities. Shehee contends that as a result of the inaction by the Defendants he suffered unnecessary emotional distress.

## III. STANDARD OF REVIEW

The Court applies the same standard of review to the Amended Complaint as it did to the original Complaint.[4] Therefore, it does not repeat them herein.

## IV. DISCUSSION

Shehee's claims fall under the Americans with Disabilities Act.[5] To state a claim under the Title II of the ADA, a plaintiff must allege:

> (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or

---

[2] 28 U.S.C. § 1915A(a); *see Williams v. Coleman*, 536 Fed. Appx. 694 (9th Cir. 2013) (applying this requirement to civil detainees).

[3] Docket 15.

[4] *Id.*

[5] 42 U.S.C. § 12131–12165.

ORDER DISMISSING SECOND AMENDED COMPLAINT
*Shehee v. Nguyen*, 1:14-cv-01154-RRB – 2

was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability.[6]

In this case, although somewhat inartfully drafted, Shehee has pleaded each of the elements of an ADA claim. The problem the court faces is that, while he initiated this action on July 21, 2014, the allegations in his Second Amended Complaint span a period extending between an unspecified date in 2013 through the date he was transferred to the Fresno County Men's Jail, February 9, 2015. As relevant to the Second Amended Complaint, in his original Complaint Shehee alleged that between 2008 and 2014 King and Leavens denied him accommodations under the ADA, i.e., appropriate steps to necessary for effective communications.[7] He further alleged that he was denied accommodations afforded him under the ADA from 2014 onward by King and Moua.[8] Shehee also alleged that on two specific dates, March 11 and 20, 2014, Dr. Nguyen refused to sign a form provided for Shehee to apply to the Hadley School for the Blind.[9] Finally, he alleged that throughout 2014, Dr. Nguyen refused to sign the form provided for Shehee to apply to The National Library Service for the Blind and Physically Handicapped.[10]

The problem the Court faces is that in his Second Amended Complaint Shehee does not allege the specific dates upon which each of the Defendants committed the acts

---

[6] *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1060 (9th Cir. 2007) (internal quotation marks and citations omitted).

[7] Docket 1, p. 7.

[8] *Id.*

[9] *Id.*, p. 8.

[10] *Id.*

of which each is charged.  In this action Shehee may only seek relief based those acts or actions that occurred prior to the date of his original Complaint:  July 21, 2014.  Whether the actions of Long Moua (ADA Coordinator), April Leavens (ADA Coordinator), and Audrey King, (Executive Director), to the extent they may have violated Shehee's rights under the ADA, occurred prior or subsequent to July 21, 2014, is unclear.

The Court further notes that in drafting his Second Amended Complaint Shehee has failed to follow the specific instructions he was given with respect to the format to be used and the specific information required to be alleged in the Order dismissing his original complaint.[11]  In each of the Orders dismissing his First Amended and Second Amended Complaint, the Court also referred Shehee to the format requirements specified in the first order.  The Court may dismiss an action for failure to comply with an order of the Court.[12]

**V.   ORDER**

The Second Amended Complaint is hereby **DISMISSED** with leave to amend. Plaintiff is granted through and including **March 7, 2016**, within which to file a Third Amended Complaint.

***In drafting his Third Amended Complaint, Plaintiff must***:

1. Separate each claim including, where appropriate, a caption for the claim;
2. sequentially number the paragraphs; and
3. with respect to each claim, identify the constitutionally protected right violated, describe the act(s) that violated that right, identify the person(s) who committed the

---

[11] Docket 15.

[12] Fed. R. Civ. P. 41(b).

act(s), state the date(s) of the act(s), and describe the injury or damage he suffered as a result of the violation.[13]

***Failure to comply with this Order within the time specified, or such additional time as the Court may grant, may result in the dismissal of this action without further notice.***

**IT IS SO ORDERED** this 2nd day of February, 2016.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[13] The Court notes that because Shehee's action arises out of a civil commitment, he is not subject to the exhaustion requirements of the Prison Litigation Reform Act. *Page v. Torrey*, 201 F.3d 1136, 1139–40 (9th Cir. 2000).