UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ELL SHEHEE,<br><br>            Plaintiff,<br><br>      v.<br><br>NGUYEN, et al.,<br><br>            Defendants. | Case No.: 1:14-cv-01154-LJO-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTIONS FOR COPY SERVICE**<br><br>**(ECF Nos. 44 & 45)**<br><br>**CLERK TO SERVE COPY OF THIS ORDER ON FRESNO COUNTY JAIL** |

Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. The case proceeds on Plaintiff's third amended complaint against Defendants Audrey Long, April Leavens, Long Moua, and Kim Nguyen for denying Plaintiff a cane and access to educational services in violation of the Americans with Disabilities Act ("ADA") and the Eighth Amendment of the United States Constitution. (ECF No. 34.)

Plaintiff is currently detained in the Fresno County Jail (ECF No. 13) but complains of acts that occurred at Coalinga State Hospital in Coalinga, California. On November 14, 2016, Plaintiff filed two motions requesting an order from the Court directing the County Sheriff's designees to allow Plaintiff access to "copies" for the purposes of filing motions, discovery, and other documents associated with these

1

proceedings. (ECF Nos. 44 & 45.)  The Court construes these motions as requests for injunctive relief.

Federal courts are courts of limited jurisdiction.  The pendency of this action does not give the Court jurisdiction over state officials in general or over the relief requested in Plaintiff's motion that is not the subject of the operative complaint.  Summers v. Earth Island Institute, 555 U.S. 488, 492-93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010).  The Court's jurisdiction is limited to the parties in this action and to the cognizable legal claims upon which this action is proceeding.  Summers, 555 U.S. at 491-93; Mayfield, 599 F.3d at 969. Generally, it is appropriate to grant in a preliminary injunction "intermediate relief of the same character as that which may be granted finally." De Beers Consol. Mines v. U.S., 325 U.S. 212, 220 (1945). A court should not issue an injunction when the relief sought is not of the same character as the relief sought, and the injunction deals with a matter lying wholly outside the issues in the underlying action. Id. Moreover, "[a] federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*." Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).  Thus, Plaintiff's motion must be denied because the Court lacks personal jurisdiction over the Fresno County Sheriff or his designees and the requested relief is not of the same character as that requested in Plaintiff's complaint. To the extent Plaintiff believes the County Sheriff or his designees has wrongfully impeded Plaintiff's access to the courts by denying him access to copy-making facilities, that is a matter for a different lawsuit.

Nevertheless, the Court is cognizant that Plaintiff's ability to make photocopies may impact his ability to timely and effectively litigate this action. Accordingly, the Court will **request** the assistance of the Sheriff or his designees in ensuring that Plaintiff is afforded adequate opportunities to make photocopies, to extent doing so is consistent with institutional order and security. See, e.g., Bounds v. Smith, 430 U.S. 817, 824-25 (1977) (requiring prison officials to provide inmates with those supplies and services that

2

are necessary for filing court documents).  The Clerk's Office will be directed to serve a copy of this order on the Fresno County Jail.

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall serve a copy of this document on the Fresno County Jail; and
2. The assistance of the County Sheriff or his designee is requested in facilitating Plaintiff's access to copy-making facilities; and

Further, it is HEREBY RECOMMENDED that:

3. Plaintiff's motions for an order directing the Fresno County Sheriff to provide Plaintiff with access to copy-making facilities (ECF Nos. 44 & 45) be DENIED for lack of jurisdiction.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   December 23, 2016            /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE

3