UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ELL SHEHEE,<br><br>    Plaintiff,<br><br>v.<br><br>NGUYEN, et al.,<br><br>    Defendants. | Case No.: 1:14-cv-01154-LJO-MJS (PC)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER DENYING COPY SERVICE**<br><br>**(ECF No. 58)**<br><br>**ORDER DIRECTING CLERK TO RESEND PLAINTIFF COPY OF ECF NO. 53** |

Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. The case proceeds on Plaintiff's third amended complaint against Defendants Audrey Long, April Leavens, Long Moua, and Kim Nguyen for denying Plaintiff a cane and access to educational services in violation of the Americans with Disabilities Act ("ADA") and the Eighth Amendment of the United States Constitution. (ECF No. 34.)

Plaintiff is currently detained in the Fresno County Jail (ECF No. 13) but complains of acts that occurred at Coalinga State Hospital in Coalinga, California. On November 14, 2016, Plaintiff filed two motions requesting an order from the Court directing the County Sheriff's designees to allow Plaintiff access to "copies" for the purposes of filing motions, discovery, and other documents associated with these proceedings. (ECF Nos. 44 & 45.) The Court construed these motions as requests for

1

injunctive relief. On December 27, 2016, the Magistrate Judge assigned to the case issued findings and recommendations to deny both motions as outside the scope of this litigation. (ECF No. 53.) Receiving no objections from Plaintiff, this Court adopted those findings and recommendations on February 3, 3017. (ECF No. 56.) On February 13, 2017, Plaintiff filed a motion for "Late Reinstat[ment]" of Plaintiff's motions requesting copy service. (ECF No. 58.) He also requested the Court resend a copy of the Magistrate Judge's findings and recommendations.[1]

The Court construes Plaintiff's filing as a motion for reconsideration of the order denying Plaintiff copy service.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009). "A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised in earlier litigation." Id. Furthermore, "'[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation . . .'" of that which was already considered by the court in rendering its decision. U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (*quoting* Bermingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 856 (D. N.J. 1992)). Similarly, Local Rule 230(j) requires that a party seeking reconsideration show that "new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion . . . ."

Plaintiff presents no new facts or circumstances warranting the reconsideration of his request for copy service, and Plaintiff was previously advised that the pendency of this action does not give the Court jurisdiction over state officials in general or over the

---

[1] The copy of the filing available on CM/ECF is nearly illegible do to the poor quality of the scan. The Court thus reviewed the hard copy of Plaintiff's motion, available with the Clerk of Court.

2

relief requested in Plaintiff's motion that is not the subject of the operative complaint. <u>Summers v. Earth Island Institute</u>, 555 U.S. 488, 492-93 (2009); <u>Mayfield v. United States</u>, 599 F.3d 964, 969 (9th Cir. 2010). As such, Plaintiff's motion for reconsideration must be denied. However, the Court will direct the Clerk of Court to resend the Magistrate Judge's findings and recommendations to Plaintiff.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion to reinstate ECF Nos. 44 and 45, construed as a motion for reconsideration (ECF No. 58), is DENIED; and
2. The Clerk of Court shall resend Plaintiff a copy of ECF No. 53.

IT IS SO ORDERED.

Dated: **May 1, 2017**     /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE