| | |
|---|---|
| GREGORY ELL SHEHEE,<br><br>Plaintiff,<br><br>v.<br><br>NGUYEN, et al.,<br><br>Defendants. | Case No.: 1:14-cv-01154-LJO-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR MISCELLANEOUS RELIEF**<br><br>**(ECF No. 62)** |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. The case proceeds on Plaintiff's third amended complaint against Defendants Audrey Long, April Leavens, Long Moua, and Kim Nguyen for denying Plaintiff a cane and access to educational services in violation of the Americans with Disabilities Act ("ADA") and the Eighth Amendment of the United States Constitution. (ECF No. 34.)

Plaintiff is currently detained in the Fresno County Jail (ECF No. 13) but complains of acts that occurred at Coalinga State Hospital in Coalinga, California. On March 15, 2017, Plaintiff filed a notice with the Court complaining that various officials had confiscated Plaintiff's legal documents in retaliation for the filing of his lawsuit. (ECF No. 62.) Plaintiff does not specify the institution these officials are affiliated wi None of

1

the officials listed are named Defendants in this lawsuit. While Plaintiff does not state exactly what relief he seeks from the Court, the Court construes this notice as a motion for injunctive relief, to wit, the return of his legal documents.

Federal courts are courts of limited jurisdiction. The pendency of this action does not give the Court jurisdiction over state officials in general or over the relief requested in Plaintiff's motion that is not the subject of the operative complaint. Summers v. Earth Island Institute, 555 U.S. 488, 492-93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the cognizable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491-93; Mayfield, 599 F.3d at 969. Generally, it is appropriate to grant in a preliminary injunction "intermediate relief of the same character as that which may be granted finally." De Beers Consol. Mines v. U.S., 325 U.S. 212, 220 (1945). A court should not issue an injunction when the relief sought is not of the same character as the relief sought, and the injunction deals with a matter lying wholly outside the issues in the underlying action. Id. Moreover, "[a] federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*." Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added). Thus, Plaintiff's motion must be denied because the Court lacks personal jurisdiction over the individuals responsible for confiscating his property and the requested relief is not of the same character as that requested in Plaintiff's complaint. To the extent Plaintiff believes the listed officials have wrongfully deprived Plaintiff of his property, that is a matter for a different lawsuit.

Plaintiff has previously been advised that the pendency of his action does not give the Court jurisdiction over any and all potential claims Plaintiff may have against state officials. This order serves as Plaintiff's final reminder that he may not seek relief outside of the scope of that requested in his lawsuit.

Accordingly, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion for miscellaneous relief (ECF No. 62) be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: May 5, 2017 /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE