| | |
|---|---|
| GREGORY ELL SHEHEE,<br><br>Plaintiff,<br><br>v.<br><br>NGUYEN, et al.,<br><br>Defendants. | Case No.: 1:14-cv-01154-LJO-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR COURT ORDER (RECONSIDERATION)**<br><br>**(ECF No. 79)** |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. The case proceeds on Plaintiff's third amended complaint against Defendants Audrey Long, April Leavens, Long Moua, and Kim Nguyen for denying Plaintiff a cane and access to educational services in violation of the Americans with Disabilities Act ("ADA") and the Eighth Amendment of the United States Constitution. (ECF No. 34.)

Plaintiff is currently detained in the Fresno County Jail (ECF No. 13) but his suit complains of acts that occurred at Coalinga State Hospital in Coalinga, California. On March 15, 2017, Plaintiff filed a notice with the Court complaining that various officials had confiscated Plaintiff's legal documents in retaliation for the filing of his lawsuit. (ECF No. 62.) Plaintiff did not specify the institution these officials are affiliated with, however none of the officials listed were named Defendants in this lawsuit. While Plaintiff did not

1

state exactly what relief he sought from the Court, the Court construed the notice as a motion for injunctive relief, to wit, the return of his legal documents.

The Court denied the motion because it lacked personal jurisdiction over the individuals responsible for allegedly confiscating Plaintiff's property and the requested relief was not of the same character as that in his complaint. (EF No. 68.) Plaintiff was advised that a separate action would have to be brought if he wished to sue the listed officials for wrongfully depriving him of his property. (ECF No. 64.)

On October 12, 2017, Plaintiff filed a motion for court order for return of legal records stolen by the Sheriff's department. (ECF No. 79.) As with the March 15, 2017 motion, Plaintiff demands that his legal documents -- purportedly stolen by the Sheriff's department -- be returned to him. (Id. at 2.) Plaintiff identifies the Sheriff's department as the party responsible for the missing documents and asks the court to order their return. (Id.) (Plaintiff also asks the Court to re-issue a copy of the scheduling order to him. (Id.))

The current motion is redundant of the March 15, 2017 motion the Court has already denied. Accordingly, the current motion effectively asks the Court to reconsider its ruling on that motion. Thus, it is interpreted and will be treated as a request for reconsideration of the earlier ruling.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009). "A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised in earlier litigation." Id. Furthermore, "'[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation . . .'" of that which was already considered by the court in rendering its decision. U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (*quoting* Bermingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 856 (D. N.J. 1992)). Similarly, Local Rule 230(j) requires that a party seeking

2

1 reconsideration show that "new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion[.]"

Plaintiff does not present newly discovered evidence, demonstrate clear error by the Court, or cite to an intervening change in the law. Plaintiff simply reiterates the same arguments and demands as the initial motion. Accordingly his current motion will be denied. The Court's findings that it lacks personal jurisdiction over the individuals responsible for confiscating Plaintiff's property and that the requested relief is not of the same character as that requested in his complaint will not be reconsidered, but will stand.

Accordingly, Plaintiff's motion for reconsideration (ECF No. 79) is DENIED.

IT IS SO ORDERED.

Dated: October 19, 2017      /s/ *Michael J. Seng*
                              UNITED STATES MAGISTRATE JUDGE