UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ELL SHEHEE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>NGUYEN, et al.,<br><br>　　　　　Defendants. | Case No.: 1:14-cv-01154-LJO-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR ADA**<br><br>**(ECF No. 77)**<br><br>**FOURTEEN-DAY OBJECTION DEADLINE** |

Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. The case proceeds on Plaintiff's third amended complaint against Defendants Audrey king, April Leavens, Long Moua, and Kim Nguyen for denying Plaintiff a cane and access to educational services in violation of the Americans with Disabilities Act ("ADA") and the Eighth Amendment of the United States Constitution. (ECF No. 34.)

On August 28, 2017, Plaintiff filed a motion captioned as "requesting ADA from the Clerk of Court ADA American with Disabilities Act Title II." It was docketed as "Motion for ADA." (ECF No. 77.) The motion appears to be a letter directed to the Clerk of Court

1

1  stating that Plaintiff's current jailers at Fresno County Jail -- a non-party -- are not assisting him with his case and he needs such assistance because of his disability. (Id. at 1.) Plaintiff then asks "can you help?" (Id.)

The Court interprets this motion as one for injunctive relief, seeking a Court Order to force Fresno County Jail authorities to assist Plaintiff in pursuing his claim in this Court.

As with Plaintiff's numerous other filings concerning his current confinement at Fresno County Jail (ECF Nos. 62; 76; 79), the Court does not have personal jurisdiction over the individuals who allegedly decline to assist in the prosecution of this case. These individuals are not parties to this action and the relief sought differs from that requested in the complaint here. (See ECF Nos. 68; 80.) The pendency of this action does not give the Court jurisdiction over state officials in general or over the relief requested in Plaintiff's motion that is not the subject of the operative complaint. Summers v. Earth Island Institute, 555 U.S. 488, 492-93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the cognizable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491-93; Mayfield, 599 F.3d at 969. Thus, Plaintiff's motion must be denied because the Court lacks personal jurisdiction over the individuals responsible for not helping him at Fresno County Jail.

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's Motion for ADA (ECF No. 77) be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result

2

in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: February 13, 2018  /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE